UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: GADOLINIUM-BASED CONTRAST AGENTS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:08 GD 50000 <br><br> MDL No. 1909 <br><br> Judge Dan Aaron Polster <br><br><br> Case No. 1:12 GD 50004 <br><br><br> **MEMORANDUM OF OPINION AND ORDER** |
| Paul Decker, et al., | | |
| - against - | | |
| GE Healthcare, Inc., et al., | | |

Following the parties' exchange of deposition designations in anticipation of the upcoming trial and their efforts to resolve any objections, the Court referred the objections they were unable to resolve amicably to Special Master Cathy Yanni. After conferring with counsel in an effort to resolve the remaining objections, Special Master Yanni issued rulings on those objections she was unable resolve.

While GEHC believes that its objections that were overruled by the Special Master should not have been, it has informed the Court that it accepts those rulings. Plaintiffs, however, have challenged certain of the Special Master's rulings. The Court has now reviewed those objections and the deposition transcripts that are the subject of those objections and is prepared to issue its rulings.

**Dr. Phillip Shaffer Deposition**

Page 34: The Court overrules the Special Master's ruling and GEHC's objection, subject to the "retention of 25% of the injected gadolinium" being in evidence at the time this excerpt is played.

Page 35: The Court overrules the Special Master's ruling and GEHC's objection, subject to this fact being in evidence at the time the excerpt is played.

Page 36: The Court affirms the Special Master's ruling and sustains GEHC's objection. This question suggests that AERs, in and of themselves, show a causal connection between Omniscan and these symptoms.

Page 39: The Court affirms the Special Master's ruling and sustains GEHC's objection. "Outside professionals actually telling GEHC of a causal connection between Omniscan and these results" is not a fair characterization of the outcome in one foreign lawsuit.

**Dr. Derek Grant Deposition**

Page 14: The Court affirms the Special Master's ruling and sustains GEHC's objection. The risk of unfair prejudice outweighs marginal relevance.

Page 339: The Court affirms the Special Master's ruling and sustains GEHC's objection. The witness's answer, "I couldn't begin to speculate," contains nothing of relevance.

Pages 340-41: The Court affirms the Special Master's ruling and sustains GEHC's objection. The witness's answer, "I don't know . . ., " contains nothing of relevance.

Page 342: The Court overrules the Special Master's ruling and GEHC's objection. The witness's answer, "I can't defend the way in which the report may have been put together," is relevant.

Page 343: The Court affirms the Special Master's ruling and sustains GEHC's objection. The witness's answer, "I cannot speculate on the reasons," contains nothing of relevance.

**Dr. Petter-Arnt Hals**

Pages 448-49: The Court overrules the Special Master and GEHC's objection. The witness's opinion on causation is relevant.

**Dr. Steven Quay**

The Court overrules the Special Master's ruling and GEHC's objection.  Dr. Quay, who was President of Salutar, authenticates the document.  Had these excerpts consisted only of counsel reading selected portions and asking the witness if he had read the document correctly, this testimony would not be relevant.  However, in several places, Dr. Quay takes issue with statements in the document, and his conclusions, as President of the company, are relevant.

**Gert Rode**

Pages 439-40: The Court overrules the Special Master's ruling and GEHC's objection.  The witness answers the question based on personal knowledge.

**Dr. Karen Saebo**

Pages 150-51: The Court overrules the Special Master's ruling and GEHC's objection as to pages 150:4-13 and 150:17-151:3.  Dr. Saebo's testimony on what was shown to her is relevant.

The Court affirms the Special Master's ruling and sustains GEHC's objection as to pages 151:4-12 and 151:20-2.  Dr. Saebo's opinion as to whether counsel correctly read a document that Dr. Saebo testified she had never seen is not relevant.

**IT IS SO ORDERED.**

                                                                 */s/ Dan A. Polster     February 27, 2013*
                                                                 **Dan Aaron Polster**
                                                                 **United States District Judge**